FILED BY TS D.C.

Aug 24, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20348-CR-SCOLA/GOODMAN

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ISAAC HALWANI,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     Bank 1 was a financial institution with offices located in the state of Florida whose accounts were insured by the Federal Deposit Insurance Corporation.

2.     Bank 2 was a financial institution with offices located in the state of Florida whose accounts were insured by the Federal Deposit Insurance Corporation.

3.     Bank 3 was a financial institution with offices located in the state of Florida whose accounts were insured by the Federal Deposit Insurance Corporation.

4.     B"H Frozen Wheels, LLC ("B"H Frozen Wheels") was a Florida limited liability company, with its listed principal address in Miami-Dade County, Florida. B"H Frozen Wheels was the owner of two Bank 1 accounts ending in 7717 and 3130 and a Bank 3 account ending in 4608.

5. BH Hands on Distributors, LLC ("BH Hands On Distributors") was a Florida limited liability company, with its listed principal address in Miami-Dade County, Florida. BH Hands On Distributors was the owner of two Bank 1 accounts ending in 1198 and 1633.

6. Deerfield Ice Cream, LLC ("Deerfield Ice Cream") was a Florida limited liability company, with its principal address in Miami-Dade County, Florida. Deerfield Ice Cream was the owner of two Bank 1 accounts ending in 5589 and 1133.

7. Frozen Wheels, LLC ("Frozen Wheels") was a Florida limited liability company, with its listed principal address in Miami-Dade County, Florida.

8. Victim Company was a Florida limited liability company, with its listed principal address in Miami-Dade County, Florida. Victim Company was the owner of a Bank 2 account ending in 4977.

9. Victim 1 was a resident of Miami-Dade County, Florida and he was the manager of Victim Company.

10. Defendant **ISAAC HALWANI** was a resident of Miami-Dade County, Florida. **HALWANI** was the manager and registered agent of B"H Frozen Wheels when it was incorporated on November 17, 2020, the manager of BH Hands On Distributors, the registered agent and authorized representative of Deerfield Ice Cream when it was incorporated on November 5, 2020, and the manager and registered agent of Frozen Wheels. **HALWANI** was also associated with BH CE Management Company and The C&E Group, LLC.

### COUNTS 1-4
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 10 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2021, through in or around April 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ISAAC HALWANI,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for **ISAAC HALWANI** to unlawfully enrich himself by misappropriating Victim 1's investment money for his personal use and benefit by making materially false and fraudulent representations to Victim 1, and concealing and failing to state material facts concerning, among other things, the use of investment funds and the existence of certain viable business opportunities.

## SCHEME AND ARTIFICE

4. In or around January 2021, **ISAAC HALWANI** falsely and fraudulently represented to Victim 1 that **HALWANI** was a successful bulk food re-seller and that he had a profitable business re-selling personal protective equipment (PPE), such as masks, gloves, and hand-sanitizer.

3

5. **ISAAC HALWANI** falsely and fraudulently represented to Victim 1 that each re-selling transaction generated returns of 20%-25% and that investors like Victim 1 would receive monthly returns of 5% on their investments.

6. From in or around January 2021, through in or around April 2021, Victim 1 made various investments with **ISAAC HALWANI** for what Victim 1 believed were investments in the re-sale of PPE. Although **HALWANI** made some repayments on these PPE deals to Victim 1, unbeknownst to Victim 1, no such deals existed. **HALWANI** was using Victim 1's own money to repay Victim 1 to gain his trust by making him believe that Victim 1 and **HALWANI** were involved in successful deals for the re-sale of PPE.

7. From in or around January 2022, through in or around April 2022, Victim 1 made various investments with **ISAAC HALWANI** for what Victim 1 believed were investments in **HALWANI**'s food distribution business. Unbeknownst to Victim 1, no such food distribution deals existed. To create the illusion of the existence of these deals, **HALWANI** created false and fraudulent invoices and purchase orders that he sent to Victim 1 using fabricated email addresses that **HALWANI** also created, and which purported to be on behalf of different businesses. **HALWANI** also opened bank accounts in the names of these businesses, over which he had complete control.

8. To induce Victim 1 to invest, **ISAAC HALWANI** made numerous materially false and fraudulent statements to Victim 1, and concealed and omitted to state material facts to Victim 1, including, among other things, the following:

### Materially False Statements

(a) that Victim 1 would receive a guaranteed monthly return on his investment;

4

(b) that Victim 1's money would be used for deals related to the re-sale of PPE and a food distribution business opportunity; and

(c) that the investment opportunities were secure and profitable.

### Concealment and Omission of Material Facts

(a) that the PPE re-sale deals and the food distribution business deal did not exist;

(b) that **ISAAC HALWANI** used Victim 1's own money to make repayments to Victim 1 and create the illusion that Victim 1 and **HALWANI** were engaged in successful business opportunities;

(c) that **ISAAC HALWANI** diverted Victim 1's investment money to pay for his personal expenses, and to make payments to unrelated individuals and unrelated companies.

9. As a result of his false and fraudulent representations to Victim 1, **ISAAC HALWANI** obtained approximately $10 million from Victim 1 and then used it for his personal use.

### USE OF WIRES

10. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ISAAC HALWANI,**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds,

as described below:

| Count | Approx. Date | Description of Wire |
|---|---|---|
| 1 | January 25, 2022 | Wire transfer of approximately $257,501.31 from Victim Company Bank 2 account ending in 4977 in the Southern District of Florida to Deerfield Ice Cream Bank 1 account ending in #5589 through servers located outside of the Southern District of Florida |
| 2 | February 15, 2022 | Wire transfer of approximately $274,450 from Victim Company Bank 2 account ending in 4977 in the Southern District of Florida to BH Hands On Distributors Bank 1 account ending in #1198 through servers located outside of the Southern District of Florida |
| 3 | March 17, 2022 | Wire transfer of approximately $200,000.00 from Victim Company Bank 2 account ending in 4977 in the Southern District of Florida to The C&E Group Bank 1 account ending in #3860 through servers located outside of the Southern District of Florida |
| 4 | April 25, 2022 | Wire transfer of approximately $191,892.00 from Victim Company Bank 2 account ending in 4977 in the Southern District of Florida to BH CE Management Company Bank 1 account ending in #5650 through servers located outside of the Southern District of Florida |

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATIONS**

1. The allegations in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ISAAC HALWANI**, has an interest.

2. Upon conviction of Title 18, United States Code, Section 1343, as alleged in this Indictment, **ISAAC HALWANI** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses and fraud scheme, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of money equal in value to the total amount of funds constituting, or derived from, proceeds traceable to the alleged offenses and fraud scheme, which may be sought as a forfeiture money judgment.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot divided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

ISAAC HALWANI,
_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)         (Check only one)
   I   ☒ 0 to 5 days        ☐ Petty
   II  ☐ 6 to 10 days       ☐ Minor
   III ☐ 11 to 20 days      ☐ Misdemeanor
   IV  ☐ 21 to 60 days      ☒ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _/s/ Yisel Valdes_____
Yisel Valdes
Assistant United States Attorney
Court ID No.   A5502330

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Isaac Halwani

**Case No**: _____

Counts #: 1-4

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or not more than the greater of twice the gross gain or twice the gross loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.