UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20348-SCOLA

UNITED STATES OF AMERICA

v.

ISAAC HALWANI,

    Defendant.
_____/

## FACTUAL PROFFER

    The United States and Defendant Isaac Halwani ("Defendant") agree that at trial the United States would have proven beyond a reasonable doubt the following facts, which pertain to a wire fraud scheme to violate Title 18, United States Code, Section 1343, and which occurred in the Southern District of Florida and elsewhere. Specifically, the following facts pertain to the Defendant unlawfully enriching himself by misappropriating victim investment money for his personal use and benefit by (1) making materially false and fraudulent representations to his victims, and (2) concealing and failing to state material facts concerning, among other things, the use of investment funds and the existence of certain viable business opportunities.

<u>Fraud Against Victim 1 as Charged in the Indictment</u>

    In or around January 2021, Defendant falsely and fraudulently represented to Victim 1 that Defendant was a successful bulk food re-seller and that he had a profitable business re-selling personal protective equipment (PPE), such as masks, gloves, and hand-sanitizer. Defendant falsely and fraudulently represented to Victim 1 that each re-selling transaction generated returns of 20%-25% and that investors like Victim 1 would receive monthly returns of 5% on their investments.

    From in or around January 2021, through in or around April 2021, Victim 1 made various

investments with Defendant for what Victim 1 believed were investments in the re-sale of PPE. Although Defendant made some repayments on these PPE deals to Victim 1, unbeknownst to Victim 1, no such deals existed. Defendant was using Victim 1's own money to repay Victim 1 to gain his trust by making him believe that Victim 1 and Defendant were involved in successful deals for the re-sale of PPE.

From in or around January 2022, through in or around April 2022, Victim 1 made various investments with Defendant for what Victim 1 believed were investments in Defendant's food distribution business. Unbeknownst to Victim 1, no such food distribution deals existed. To create the illusion of the existence of these deals, Defendant created false and fraudulent invoices and purchase orders that he sent to Victim 1 using fabricated email addresses that Defendant also created, and which purported to be on behalf of different businesses. Defendant also opened bank accounts in the names of these businesses, over which he had complete control: Defendant was the manager and registered agent of BH Frozen Wheels, LLC, the manager of BH Hands On Distributors, LLC, the registered agent and authorized representative of Deerfield Ice Cream, LLC, and the manager and registered agent of Frozen Wheels, LLC.

To induce Victim 1 to invest, Defendant made numerous materially false and fraudulent statements to Victim 1, such as promising Victim 1 that he would receive a guaranteed monthly return on his investment; Victim 1's money would be used for deals related to the re-sale of PPE and a food distribution business opportunity; and that the investment opportunities were secure and profitable.

Defendant also concealed and omitted material facts to Victim 1, stating that the PPE re-sale deals and the food distribution business deal did not exist; that Defendant used Victim 1's own money to make repayments to Victim 1 and create the illusion that Victim 1 and Defendant

2

were engaged in successful business opportunities; and that Defendant diverted Victim 1's investment money to pay for his personal expenses, and to make payments to unrelated individuals and unrelated companies.

For the purpose of executing and in furtherance of this scheme and artifice to defraud, Defendant knowingly transmitted and caused to be transmitted in interstate commerce a wire transfer of approximately $257,501.31 from Victim's company bank account in the Southern District of Florida to Deerfield Ice Cream bank account through servers located outside of the Southern District of Florida, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, as charged in Count 1 of the Indictment.

As a result of his false and fraudulent representations to Victim 1, Defendant obtained approximately $12,642,015.41 from Victim 1 and then used it for his personal use, such as repaying personal debts, paying personal expenses such as buying luxury watches, bills and credit cards, transferring money to his family and unrelated individuals, making loan payments for exotic cars such as Porsche and Ferrari, paying a private membership-only (Fisher Island Club), and making payments to unrelated companies. Victim 1 invested a total of $12,642,015.41 with the Defendant and the Defendant returned approximately $2,621,823.35 to Victim 1.

Additionally, Defendant admitted this criminal conduct on a recording. Specifically, Defendant admitted he took approximately 10 million dollars from Victim 1 by himself, that he acted alone in committing this fraud, and that he created the fake emails, fake purchase orders, fake invoices, and bank accounts in order to carry out his scheme to defraud Victim 1.

### Fraud Against Additional Victims

Similar to Victim 1, the Defendant, in furtherance of his scheme and artifice to defraud, knowingly and unlawfully enriched himself by misappropriating additional victim investment money for his personal use and benefit. These other victims who invested their monies with the Defendant and were defrauded include E.G. and P.G., N.J., M.Z., and O.A.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 7/1/24     By: _____
                      MANOLO REBOSO
                      ASSISTANT UNITED STATES ATTORNEY

Date: 7/1/2024   By: _____
                      FRANK J. GAVIRIA
                      ATTORNEY FOR DEFENDANT

Date: 7/1/24     By: _____
                      ISAAC HALWANI
                      DEFENDANT